## UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

ROBARE DEWON DAVIS,               Case No. 1:13-cv-83
     Plaintiff,

                                   Beckwith, J.
   vs                             Litkovitz, M.J.

MIDDLETOWN POLICE            **REPORT AND**
DEPARTMENT, et al.,             **RECOMMENDATION**
     Defendants.

Plaintiff, an inmate at the Southern Ohio Correctional Facility in Lucasville, Ohio, brings this action under 42 U.S.C. § 1983 against the Middletown Police Department and a Middletown police detective. By separate Order issued this date, plaintiff has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. This matter is before the Court for a *sua sponte* review of the complaint to determine whether the complaint, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. *See* Prison Litigation Reform Act of 1995§ 804, 28 U.S.C. § 1915(e)(2)(B); § 805, 28 U.S.C. § 1915A(b).

In enacting the original *in forma pauperis* statute, Congress recognized that a "litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Denton v. Hernandez,* 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams,* 490 U.S. 319, 324 (1989)). To prevent such abusive litigation, Congress has authorized federal courts to dismiss an *in forma pauperis* complaint if they are satisfied that the action is frivolous or malicious. *Id.*; *see*

*also* 28 U.S.C. § 1915(e)(2)(B)(i). A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law. *Neitzke v. Williams,* 490 U.S. 319, 328-29 (1989); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990). An action has no arguable legal basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke,* 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton,* 504 U.S. at 32; *Lawler,* 898 F.2d at 1199. The Court need not accept as true factual allegations that are "fantastic or delusional" in reviewing a complaint for frivolousness. *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (quoting *Neitzke*, 490 U.S. at 328).

Congress also has authorized the *sua sponte* dismissal of complaints that fail to state a claim upon which relief may be granted. 28 U.S.C. §1915 (e)(2)(B)(ii). A complaint filed by a *pro se* plaintiff must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)). By the same token, however, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Hill*, 630 F.3d at 470-71 ("dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim" under §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). The Court must accept all well-

2

pleaded factual allegations as true, but need not "accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Although a complaint need not contain "detailed factual allegations," it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557. The complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson*, 551 U.S. at 93 (citations omitted).

Plaintiff, who is proceeding *pro se*, brings this civil rights action against the Middletown Police Department in Butler County, Ohio, and Sims Allen, a Middletown police detective. (Doc. 1, Complaint, p. 5). In the complaint, plaintiff alleges that in February 2007, he went to the Middletown Police Department and informed defendant Allen that he had received a "threatening voice mail." (*Id.*). Allen listened to the recording of the phone message and told plaintiff that "he was going to make record of [plaintiff's] complaint and investigate" the matter. (*Id.*). Plaintiff alleges that he returned to the police department the following day to pick up a copy of his complaint and was informed that "there was no record of the complaint." (*Id.*). Plaintiff avers that a month later, he was stabbed in the stomach by the person who had "left the voice mail." (*Id.*). Plaintiff claims: "If [Allen] would of done his job and investigated this person it could of kept me from getting stabbed." (*Id.*). Plaintiff does not specifically request damages as relief. Instead, he requests the Court to make "a full investigation in all matters of this case . . . and hold everybody who is involved [ac]countable for any wrong doing." (*Id.*, p. 6). Plaintiff also requests "help with mental health issues," which he claims arose from "going through everything the police . . .

3

caused [him] to go through." (*Id.*).

Plaintiff has failed to state a claim upon which relief may be granted because it is clear from the face of the complaint that his cause of action is time-barred. Plaintiff's complaint is governed by Ohio's two-year statute of limitations applicable to personal injury claims. *See, e.g., Browning v. Pendleton*, 869 F.2d 989, 992 (6th Cir. 1989) (holding that the "appropriate statute of limitations for 42 U.S.C. § 1983 civil rights actions arising in Ohio is contained in Ohio Rev. Code § 2305.10, which requires that actions for bodily injury be filed within two years after their accrual"); *see also Wallace v. Kato*, 549 U.S. 384, 387 (2007) (and Supreme Court cases cited therein) (holding that the statute of limitations governing § 1983 actions "is that which the State provides for personal-injury torts"); *Zundel v. Holder,* 687 F.3d 271, 281 (6th Cir. 2012) (stating that the "settled practice . . . to adopt a local time limitation as federal law if it is not inconsistent with federal law or policy to do so" is applicable "to § 1983 actions and to *Bivens* actions because neither the Federal Constitution nor the § 1983 statute provides timeliness rules governing implied damages"). Although the statute of limitations is an affirmative defense, when it appears clear on initial screening of the complaint that the action is time-barred, the complaint may be dismissed for failure to state a claim upon which relief may be granted. *See Jones v. Bock,* 549 U.S. 199, 215 (2007). *Cf. Fraley v. Ohio Gallia Cnty.*, No. 97-3564, 1998 WL 789385, at *1-2 (6th Cir. Oct. 30, 1998) (holding that the district court "properly dismissed" the *pro se* plaintiff's § 1983 civil rights claims under 28 U.S.C. § 1915(e)(2)(B) because the complaint was filed years after Ohio's two-year statute of limitations had expired); *Anson v. Corr. Corp. Of America,* No. 4:12cv357, 2012 WL 2862882, at *2-3 (N.D. Ohio July 11, 2012) (in *sua sponte* dismissing complaint under 28 U.S.C. § 1915(e), the court reasoned in part that the plaintiff's *Bivens* claims asserted "six years after the events upon which they are based occurred" were time-barred under

4

Ohio's two-year statute of limitations for bodily injury).

"[T]he accrual date of a § 1983 cause of action is a question of federal law that is *not* resolved by reference to state law." *Wallace,* 547 U.S. at 388 (emphasis in original). Under federal law, a cause of action accrues for statute of limitations purposes "when plaintiff[] knew or should have known of the injury which forms the basis of [his] claims." *Ruff v. Runyon*, 258 F.3d 498, 500 (6th Cir. 2001). The "inquiry focuses on the harm incurred, rather than the plaintiff's knowledge of the underlying facts which gave rise to the harm." *Id.* at 501 (quoting *Friedman v. Estate of Presser*, 929 F.2d 1151, 1159 (6th Cir. 1991)). The statute of limitations commences to run when the plaintiff knows or, in the exercise of due diligence, has reason to know of the injury which is the basis for his cause of action. *Sevier v. Turner,* 742 F.2d 262, 273 (6th Cir. 1984); *see also Ruff,* 258 F.3d at 501.

Here, it is clear from the face of the complaint that plaintiff knew or should have known of the injury forming the basis of his cause of action in March 2007, when he was stabbed by the person who had left the threatening voice mail that Detective Allen allegedly promised to investigate a month earlier. The instant complaint, signed by plaintiff on January 30, 2013, was filed nearly six years later. (*See* Doc. 1, Complaint). It thus appears clear on initial screening of the complaint that the complaint, filed nearly four years after the expiration of the applicable two-year statute of limitations, is time-barred. Therefore, the complaint should be dismissed for failure to state a claim upon which relief may be granted. *Cf. Fraley, supra*, 1998 WL 789385, at *1-2; *Anson, supra,* 2012 WL 2862882, at *2-3.

In addition, plaintiff has failed to state a viable claim against the Middletown Police Department because it is not an entity that is capable of being sued. *See Davis v. Bexley Police*

5

*Dep't,* No. 2:08cv750, 2009 WL 414269, at \*2 (S.D. Ohio Feb. 17, 2009) (citing *Jones v.*

*Marcum,* 197 F. Supp.2d 991, 997 (S.D. Ohio 2002)); *see also Petty v. Cnty. of Franklin, Ohio,*

478 F.3d 341, 347 (6th Cir. 2007) (affirming the dismissal of the sheriff's office as a party

because "under Ohio law, a county sheriff's office is not a legal entity capable of being sued for

purposes of § 1983"); *Schaffner v. Pell,* No. 2:10cv374, 2010 WL 2572777, at \*2 (S.D. Ohio June

21, 2010) (citing *Tysinger v. Police Dep't of City of Zanesville,* 463 F.3d 569, 572 (6th Cir.

2006)) ("A police department is not a juridicial entity subject to suit under Ohio law."). As the

district court explained in *Davis, supra,* 2009 WL 414269, at \*2:

> Police departments are not independent government entities. They are only the
> vehicles through which municipalities fulfill their policing functions. *Williams v.*
> *Dayton Police Dep't,* 680 F. Supp. 1075, 1080 (S.D. Ohio 1987). Thus, police
> departments are not proper § 1983 defendants as they are "merely sub-units of the
> municipalities they serve." *Jones,* 197 F. Supp. at 1080.

Even if the Court were to liberally construe the *pro se* complaint as alleging claims against

the municipality of Middletown, plaintiff's complaint would nevertheless fail to state a claim for

relief. Municipalities cannot be held vicariously liable under § 1983 based on the theory of

*respondeat superior* for injuries inflicted solely by their employees or agents. *See Iqbal,* 556 U.S.

at 676; *Monell v. New York City Dep't of Soc. Services,* 436 U.S. 658, 690-92 (1978); *Gregory v.*

*Shelby Cnty., Tennessee,* 220 F.3d 433, 441 (6th Cir. 2000); *see also Davis, supra,* 2009 WL

414269, at \*2 ("A plaintiff may not rely on the doctrine of *respondeat superior* to find a

government entity liable under § 1983 when the claim is founded solely on an allegation that its

agent caused the injury."). To state a claim for relief under § 1983 against a municipality, the

plaintiff must allege that his "injuries were the result of an unconstitutional policy or custom" of

the municipality. *Matthews v. Jones,* 35 F.3d 1046, 1049 (6th Cir. 1994); *see also Monell,* 436

6

U.S. at 694; *Doe v. Claiborne Cnty.*, 103 F.3d 495, 507 (6th Cir. 1996). *Cf. Polk County v. Dodson*, 454 U.S. 312 (1981) (municipal policy must be "moving force" behind constitutional deprivation). Municipalities and other governmental entities cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a policy or custom and the alleged deprivation. *Monell*, 436 U.S. at 691; *Deaton v. Montgomery Cnty., Ohio*, 989 F.2d 885, 889 (6th Cir. 1993).

In this case, plaintiff has alleged no facts indicating that the defendants violated his constitutional rights pursuant to a policy or custom of Middletown. In the absence of such allegations, plaintiff has failed to state an actionable claim for relief based on the theory of municipal liability. *See Monell,* 436 U.S. at 693-94.

Accordingly, in sum, the Court concludes that the plaintiff's § 1983 complaint is subject to dismissal for failure to state a claim upon which relief may be granted.

### IT IS THEREFORE RECOMMENDED THAT:

1. The complaint be **DISMISSED** with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B).

2. The Court certify pursuant to 28 U.S.C. § 1915(a)(3) that for the foregoing reasons an appeal of any Order adopting this Report and Recommendation would not be taken in good faith, and therefore, deny plaintiff leave to appeal *in forma pauperis. See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).

Date: 2/7/13

Karen L. Litkovitz
United States Magistrate Judge

7

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

ROBARE DEWON DAVIS,                          Case No. 1:13-cv-83
      Plaintiff,

                                Beckwith, J.
   vs                                           Litkovitz, M.J.

MIDDLETOWN POLICE
DEPARTMENT, et al.,
                                  **NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** after being served with a copy thereof. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

cbc

8